FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2019 JUN 24  PM 3: 24

N. ANAYA
CLERK

ORIGINAL

ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ          1412
DELLA A. BELATTI       7945
GINA SZETO-WONG        10515
JONATHAN M.F. LOO      10874
KEVIN YOLKEN           10987
820 Mililani Street Suite 714
Honolulu HI 96813
Telephone:  (808) 533-7434
Facsimile:  (808) 545-3608

Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| KERRI KIANA GOUVEIA,<br><br>       Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF HONOLULU;<br>SUSAN BALLARD, in her official<br>capacity; DARREN CACHOLA, in his<br>individual and official capacity; KEVIN<br>BAILEY, in his official capacity; THOMAS<br>TAFLINGER, in his official capacity:<br>JOHN DOE ASSOCIATIONS 1-5; and<br>JOHN and/or JANE DOES 1-10,<br><br>       Defendants.<br>     ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 19-1-0649 JPC<br>(Other Tort Action)<br><br>**FIRST AMENDED COMPLAINT;<br>DEMAND FOR JURY TRIAL;<br>SUMMONS** |

## FIRST AMENDED COMPLAINT

Plaintiff KERRI KIANA GOUVEIA, (hereinafter "Plaintiff"), by and through her

undersigned attorneys, alleges as follows:

## PARTIES

1.      Plaintiff is and was a resident of Honolulu, Hawai`i at all times pertinent hereto.

2.      Defendant CITY AND COUNTY OF HONOLULU is and has been a duly organized municipal corporation of the State of Hawaii at all times pertinent hereto.

3.      Defendant SUSAN BALLARD (hereinafter "Defendant BALLARD") is and was a resident of Honolulu, Hawaii, at all times pertinent hereto.

4.      Defendant BALLARD is and was employed as a Major and then Chief of Police by the Honolulu Police Department (hereinafter "HPD"), at all times pertinent hereto.  Defendant BALLARD is being sued in her official capacity.

5.      Defendant DARREN CACHOLA (hereinafter "Defendant CACHOLA") is and was a resident of Honolulu, Hawaii, at all times pertinent hereto.

6.      Defendant CACHOLA is and was employed as a police officer by the Honolulu Police Department (hereinafter "HPD"), at all times pertinent hereto.  Defendant CACHOLA is being sued in both his individual and official capacities.

7.      Defendant KEVIN BAILEY (hereinafter "Defendant BAILEY") is and was a resident of Honolulu, Hawaii, at all times pertinent hereto.

8.      Defendant BAILEY is and was employed as a police officer by the Honolulu Police Department (hereinafter "HPD"), at all times pertinent hereto.   Defendant BAILEY is being sued in his official capacity.

9.      Defendant THOMAS TAFLINGER (hereinafter "Defendant TAFLINGER") is and was a resident of Honolulu, Hawaii, at all times pertinent hereto.

10.     Defendant TAFLINGER is and was employed as a police officer by the Honolulu Police Department (hereinafter "HPD"), at all times pertinent hereto.   Defendant TAFLINGER is being sued in his official capacity.

11.     Defendants JOHN and/or JANE DOES 1-10 and DOE ASSOCIATIONS 1-5 (hereinafter "DOE DEFENDANTS") are individuals and/or entities whose true identities and capacities are unknown to Plaintiff and her counsel, despite diligent inquiry and investigation, and who acted as described more particularly below in connection with the breaches of duties and/or violations of law alleged herein and who in some manner not currently known to Plaintiff may have contributed to or be responsible for the injuries alleged herein.  The true names of DOE DEFENDANTS will be substituted as they become known.  DOE DEFENDANTS are sued in their individual capacities.

## JURISDICTION AND VENUE

12.     All events material to this Complaint occurred within the City and County of Honolulu, State of Hawaii and within the jurisdiction of the Circuit Court of the First Circuit, State of Hawaii.

13.     The Court has personal jurisdiction over the above-named Defendants, pursuant to HRS § 634-35, as the subject tortious acts and injuries occurred in this Circuit, and Defendants either reside or have conducted business in this Circuit so as to subject themselves to the jurisdiction of the Court.

14.     The Court has subject matter jurisdiction over the present action pursuant to HRS § 603-21.5.

15.     Venue in this Court is proper pursuant to HRS § 603-36.

16.     The amount in controversy herein exceeds the minimum jurisdictional limit of this Court.

## FACTUAL ALLEGATIONS

17.     Plaintiff and Defendant CACHOLA were married on January 16, 2016.

18.     Plaintiff and Defendant CACHOLA lived together in Kapolei, Hawaii with their two children and Defendant CACHOLA's parents.

19.     On April 22, 2017, upon information and belief, Defendant CACHOLA left his home at approximately 10:00 p.m., to go to the home of another police officer.

20.     On April 23, 2017, Defendant CACHOLA returned to his home at approximately 3:00 a.m., appearing highly intoxicated.

21.     While Plaintiff was sitting in her bedroom working on her laptop, and while both children were sleeping in her bed, Defendant CACHOLA entered the bedroom and demanded that Plaintiff turn off her laptop.

22.     When Plaintiff refused to turn off her laptop, Defendant CACHOLA became enraged and started strangling Plaintiff such that she could not scream or talk.

23.     Plaintiff was completely helpless and began to see black dots.

24.     Defendant CACHOLA released Plaintiff, whereupon Plaintiff fell to the floor, gasping for air.

25.     Plaintiff scrambled for her cellular phone and fled the bedroom, screaming for help from Defendant CACHOLA's parents.

26.     As she attempted to call 9-1-1, Defendant CACHOLA's parents tried to stop her from calling 9-1-1.

4

27.     Plaintiff successfully called 9-1-1 and waited at the home for police officers to arrive.

28.     Defendant BAILEY was the first police officer to arrive and contact Plaintiff.

29.     Defendant BAILEY observed injuries on Plaintiffs neck.

30.     Upon seeing Plaintiffs injuries, Defendant BAILEY stated, "This is not good."

31.     Defendant BAILEY then told Plaintiff that Defendant CACHOLA would only be arrested if she was willing to file charges.

32.     Defendant BAILEY told Plaintiff that if she were to file charges against Defendant CACHOLA, the media would find out about Defendant CACHOLA's arrest and would harass Plaintiff at her home and work, and it would be very "ugly" and "embarrassing" for her.

33.     During this time, Defendant BAILEY's sergeant and lieutenant arrived at Plaintiffs home, but remained in their vehicles. At no time did either supervisor exit their vehicles.

34.     After some time, Defendant BAILEY and another police officer asked Plaintiff to write the following statement "I got into an argument with my husband, I have no injuries, thank you."

35.     Defendant CACHOLA was issued a 48-hour no contact order ("Order").

36.     The Order was signed by one of the police officers who responded to Plaintiffs 9-1-1 call and by Defendant CACHOLA.

37.     The Order contained the statement that the police officer who signed it had "reasonable grounds to believe that physical abuse or harm was inflicted by [Defendant CACHOLA] upon [Plaintiff]"

38.     After being issued the 48-hour no contact order, Defendant TAFLINGER who, upon information and belief, had been drinking with Defendant CACHOLA earlier that morning, picked up Defendant CACHOLA and all other police officers left Plaintiff s home.

39.     Defendant CACHOLA was not arrested in connection with this incident.

40.     The responding police officers did not take any photographs of Plaintiffs injuries, which were clearly visible.

41.     These actions were in violation of HPD Policy Number 4.18 which requires officers responding to a domestic violence incident to "conduct thorough investigations to determine if reasonable grounds exist to facilitate the arrest of the dominant aggressor. . ." These actions were also in violation of HPD Policy Number 2.21 which prohibits officers from committing any criminal act, specifically including the crime of abuse of a family or household member, prohibits officers from knowingly falsifying an official report, and requires officers to enforce the law without favoritism.

42.     Plaintiff is informed and believes, and thereupon alleges that HPD's Internal Affairs/Professional Standards Office was not notified that Defendant CACHOLA had assaulted Plaintiff, in violation of HPD Policy Number 3.26.

43.     On or about July 30, 2017, Plaintiff contacted Defendant TAFLINGER seeking his help in getting in touch with the HPD detective assigned to Plaintiff's case involving Defendant CACHOLA. Defendant TAFLINGER declined to help Plaintiff and informed her that Defendant CACHOLA would not be arrested or convicted in connection with the case.

44.     On or about September 12, 2018, Plaintiff filed for divorce from Defendant CACHOLA.

45.     On April 23, 2019, at approximately 12:30 a.m., Defendant CACHOLA came to Plaintiff's residence in Kapolei, Hawaii after completing a special duty assignment.

46.     At that time, Defendant CACHOLA smelled of alcohol and was visibly intoxicated.

47.     Defendant CACHOLA began arguing with Plaintiff and physically pushed her up against a wall by her shoulders.

48.     Plaintiff repeatedly asked Defendant CACHOLA to leave her residence, and he refused, blocking the front doorway with his body.

49.     Defendant CACHOLA threatened Plaintiff and told her if she called the police, his friends would come to help him and file false charges against her.

50.     Defendant CACHOLA began video recording clothing he had left at Plaintiff's residence with his cellphone in order to file criminal property damage charges against her.

51.     Defendant CACHOLA then grabbed Plaintiff by the forearm and began struggling with her. He stopped only when he dropped his cellphone.

52.     A bystander passing by Plaintiff's residence stopped and asked if everything was okay. Defendant CACHOLA asked the bystander to call the police. Plaintiff told the bystander that she did not want the police called and that she only wanted Defendant CACHOLA to leave.

53.     As Defendant CACHOLA was distracted by the bystander, Plaintiff attempted to go back into the residence and lock the door behind her. Defendant CACHOLA tried to force his way back in to Plaintiff's residence causing injury to her knee in the process.

54.     At approximately 1:30 a.m., other HPD officers arrived and began pounding on Plaintiff's front door, shouting her name, shining lights in the windows of her residence. This continued for approximately one hour.

55.     Defendant CACHOLA and the other responding officers then began ringing the doorbells of neighbors to ask for them to give witness statements.

56.     Plaintiff remained in the residence out of fear of Defendant CACHOLA and the other officers.  Plaintiff later filed a police report at the main station on Beretania Street.

57.     At the time of the April 23, 2017 incident, all Defendants were aware that Defendant CACHOLA had been terminated from employment with HPD in 2015, following allegations Defendant CACHOLA had abused his ex-girlfriend in 2014.

58.     Plaintiff is informed and believes, and thereupon alleges that on September 8 and 9, 2014, Defendant CACHOLA repeatedly punched his then girlfriend at Kuni's Restaurant in Waipahu.  The assault was captured on surveillance video.

59.     Plaintiff is informed and believes, and thereupon alleges that HPD officers responded to Kuni's Restaurant but did not file any reports and did not arrest Defendant CACHOLA.  Instead, one of the officers gave Defendant CACHOLA a ride home because he was too drunk to drive.

60.     Plaintiff is informed and believes, and thereupon alleges that HPD Sergeant Mike Kahikina was the responding supervisor on scene and did not have responding officers file reports, did not notify any superior officers of the incident, and did not report the incident himself to Internal Affairs/Professional Standards.

61.     Plaintiff is informed and believes, and thereupon alleges that all of these actions were taken in violation of HPD Policy Numbers 2.21, 3.26, and 4.18,

62.     Plaintiff is informed and believes, and thereupon alleges that because of the deficient investigation conducted by the officers in 2014, HPD terminated Defendant

CACHOLA in 2015, not for acts constituting abuse of a family or household member, but for unprofessional conduct.

63.     Plaintiff is informed and believes, and thereupon alleges that Defendant CACHOLA grieved his termination and was reinstated as an HPD officer in 2018 having had his termination overturned and reduced to a six-month suspension.

64.     Plaintiff is informed, believes, and thereupon alleges that on May 1, 2018, the Hawaii Legislature passed HB 2133 which relieved victims of domestic violence from having to file a sworn or notarized statement in order to make an administrative complaint against a police officer for domestic abuse of a family or household member.

65.     Plaintiff is informed, believes, and thereupon alleges that in passing that bill, the Legislature made several findings including that the Honolulu Police Department has been heavily criticized for its handling of a domestic violence incident between Defendant CACHOLA and his then girlfriend in September of 2014.  Some of the criticisms were that Defendant CACHOLA was not arrested at the scene, that no responding officer filed a report, and that an investigation was not initiated until a citizen came forward and presented video surveillance of the incident to the department and the media.

66.     Plaintiff is informed, believes, and thereupon alleges that the Legislature further found that between May of 2013 and September of 2014, the Hawaii State Commission of the Status of Women received 38 complaints from women accusing Honolulu Police Department officers of not responding appropriately when handling domestic abuse cases.  Approximately one-third of those cases involved an officer or a relative of an officer as the alleged abuser.  The Commission viewed the September 2014 incident with Defendant CACHOLA as part of a

"pattern of inappropriate handling by some police officers in response to allegations of domestic violence."

67.     Plaintiff is informed, believes, and thereupon alleges that the Legislature also called into question the Honolulu Police Department's record on disciplining officers found to have committed domestic violence related misconduct.  Specifically, the Legislature found that the Department punished officers committing domestic violence related misconduct much more leniently than officers committing other types of misconduct.  The Legislature questioned "whether the Honolulu Police Department is minimizing the problem of domestic violence, particularly when incidents involve a police officer" because of the Lautenberg Amendment, a federal law that prohibits persons convicted of a misdemeanor crime of domestic violence from possessing a firearm.

68.     Plaintiff is informed, believes, and thereupon alleges that the Legislature acknowledged "that the majority of police officers enforce the law and act appropriately toward members of the public. However, there are also police officers who do not respond to domestic violence situations appropriately when the perpetrator is a fellow police officer.  Such actions lessen the public's trust in the police and bring down the reputation of the police department as a whole."

69.     Plaintiff is informed, believes, and thereupon alleges that an officer who is subject to a court order of protection or is convicted of abuse of a family or household member (H.R.S. § 709-906), would be prohibited from possessing a firearm or ammunition under federal law (18 U.S.C. §§ 922(g)(8) and (9)) and be unable to work as a police officer.  This creates strong incentive for the Honolulu Police Department to look the other way when their officers commit acts of domestic violence so as not to lose additional officers.

10

70.     Plaintiff alleges that she was wrongfully deprived of her constitutional right to substantive due process, including her right to bodily integrity, wrongfully denied equal protection of the enforcement of the law, and was thereby subjected to years of physical, mental, and domestic abuse by her husband, Defendant CACHOLA in violation of applicable provisions of the Constitution of the United States and the Constitution of the State of Hawaii, inter alia.

71.     Specifically, Plaintiff was afforded little, if any, protection under the law as a victim of domestic violence and abuse because her abuser, Defendant CACHOLA, was an HPD officer.  Defendant CACHOLA was allowed to commit repeated acts of domestic violence and abuse against Plaintiff from approximately 2017 until 2019 because of the refusal and failure of HPD to follow, apply, and enforce the law and the Department's own orders and policies against one of its own.   As a part of this refusal and failure by the Department, Defendant CACHOLA was also allowed to abuse his position as a police officer to avoid being investigated, disciplined or arrested and to enlist the aid of his fellow officers in a campaign of harassment and intimidation against Plaintiff thereby compounding the domestic abuse she had already suffered and further traumatizing her.

72.     Plaintiff alleges that HPD has a *de facto* policy, practice, or custom of favoring its own officers by ignoring reported instances of domestic violence and misconduct committed by them and of not enforcing the law and existing departmental orders and policies against those officers who commit such acts.  Plaintiff further contends that this *de facto* policy was so long-standing and widespread as to constitute official policy.

73.     Plaintiff further alleges that HPD's failure to intervene, counsel, discipline, suspend, terminate, or seek the prosecution of Defendant CACHOLA, the officers who assisted him, and the officers who failed to take action against him for continuously and repeatedly

11

victimizing the Plaintiff and her children is symptomatic and emblematic of this *de facto* policy. Plaintiff contends that had these officers been regular citizens, they would have been promptly investigated and arrested. In this way Plaintiff was denied equal protection of the enforcement of the law.

74.    Plaintiff is informed, believes, and thereupon alleges that Defendant City and County of Honolulu's *de facto* policy of not investigating and disciplining its own officers is a constitutional deprivation under the Equal Protection Clause of the Fourteenth Amendment because it irrationally and unreasonably discriminates against victims such as Plaintiff whose perpetrators are Honolulu Police Department officers as opposed to those whose perpetrators are not.

75.    Plaintiff is informed, believes, and thereupon alleges that had Defendant CACHOLA been a regular citizen, he would have been arrested for abuse of a family or household member.

76.    As an example of this disparate treatment, Plaintiff is informed, believes, and thereupon alleges that on November 18, 2018, Arnold Berdon, a professional MMA fighter, allegedly assaulted his wife, Rachael Ostovich, another professional MMA fighter, in Waianae. Berdon was arrested by HPD officers two days later, on November 20, 2018, and charged with second degree assault on November 26, 2018.

77.    As another example of this disparate treatment, Plaintiff is informed, believes, and thereupon alleges that on November 24, 2018, Carlos Contrades, a 26-year old man, allegedly threatened his domestic partner in Kalihi and violated a restraining order she had obtained against him. Contrades, not a police officer, was arrested by HPD the next day, November 25, 2018, for violations of an order of protection.

## COUNT I
## EQUAL PROTECTION VIOLATIONS – All Defendants

78.     Plaintiff hereby incorporates all of the allegations contained in Paragraphs 1 through 77, above.

79.     Plaintiff is informed and believes, and thereupon alleges, that Defendants CACHOLA, BAILEY, and TAFLINGER, certain of the JOHN and/or JANE DOE Defendants, and Defendant CITY AND COUNTY OF HONOLULU acted, failed to act, and/or purported to act herein under color of statutes, ordinances, rules, regulations, customs, policies, practices, and/or usages of the City and County of Honolulu, State of Hawaii, and within the scope and course of their employment as police officers in the HPD.

80.     Plaintiff alleges that Defendant CITY AND COUNTY OF HONOLULU and the HPD have a pervasive, widespread and long-standing *de facto* policy, practice, and custom of favoring their own officers by ignoring reported instances of domestic abuse, domestic violence, and misconduct committed by them and of not enforcing the law and existing departmental orders and policies against those officers who commit such acts.

81.     Plaintiff alleges that this *de facto* policy was and continues to be so prevalent and pervasive that it rises to the level of official policy.

82.     Plaintiff alleges that this *de facto* policy violates the Equal Protection Clause of the Fourteenth Amendment because it irrationally and impermissibly discriminates against victims whose abusers are HPD officers from those whose abusers are not.

83.     Plaintiff is informed, believes, and thereupon alleges, that she was denied equal protection of the enforcement of the law and suffered injury without any sufficient, just, or reasonable cause in violation of rights guaranteed to her by the Fourteenth Amendment to the United States Constitution and Article I of the Constitution of the State of Hawaii, inter alia, by

virtue of Defendants' adherence and obedience to this *de facto* policy, practice, or custom in deliberate indifference to the rights and interests of Plaintiff.

84.     Plaintiff is informed, believes and thereupon alleges that because of this *de facto* policy, practice, or custom, Defendant CACHOLA was neither confronted, counseled, disciplined, and/or terminated regarding his acts of domestic violence and therefore believed he could act with impunity and without consequence.

85.     Plaintiff is informed, believes, and thereupon alleges that because of this *de facto* policy, practice, or custom, Defendants BAILEY and TAFLINGER similarly were not confronted, counseled, disciplined, and/or terminated for their misconduct and therefore believed that they could act with impunity and without consequence.

86.     As a direct and proximate result of the acts and omissions of Defendants CACHOLA, BAILEY, and TAFLINGER, certain of the JOHN and/or JANE DOE Defendants, and Defendant CITY AND COUNTY OF HONOLULU, Plaintiff sustained damages in amounts to be proven at trial.

**COUNT II**
**SUBSTANTIVE DUE PROCESS VIOLATIONS – All Defendants**

87.     Plaintiff hereby incorporates all of the allegations contained in Paragraphs 1 through 77, above.

88.     Plaintiff alleges that Defendant CITY AND COUNTY OF HONOLULU and the HPD have a pervasive, widespread and long-standing *de facto* policy, practice, and custom of favoring their own officers by ignoring reported instances of domestic abuse, domestic violence and misconduct committed by them and of not enforcing the law and existing departmental orders and policies against those officers who commit such acts.

89.     Plaintiff alleges that this *de facto* policy was and continues to be so prevalent and pervasive that it rises to the level of official policy.

90.     Plaintiff alleges that this *de facto* policy violates the Substantive Due Process Clause of the Fourteenth Amendment because it permits, allows, encourages, and emboldens police officers to commit acts under color of law which violate a victim's constitutional right to bodily integrity.

91.     Plaintiff alleges that Defendants CACHOLA, BAILEY, and TAFLINGER and certain of the JOHN and/or JANE DOE Defendants knew or should have known that their actions were unreasonable and/or excessive and violated Plaintiff's clearly established constitutional right to substantive due process, to include her right to bodily integrity.

92.     Plaintiff alleges that Defendants CACHOLA, BAILEY, and TAFLINGER acted under color of law in that they abused the power and authority they possessed as police officers to subject Plaintiff repeated acts of domestic violence, domestic abuse, and harassment for a period spanning at least 2017 until 2019.

93.     Plaintiff alleges that Defendants CACHOLA, BAILEY, and TAFLINGER, and certain of the JOHN and/or JANE DOE Defendants were deliberately indifferent to Plaintiff's clearly established constitutional rights.

94.     As a direct and proximate result of the foregoing Plaintiff sustained damages in amounts to be proven at trial.

## COUNT III
## MUNICIPAL LIABILITY – Defendant CITY AND COUNTY OF HONOLULU

95.     Plaintiff hereby incorporates all of the allegations contained in Paragraphs 1 through 77, above.

96.     Plaintiff alleges that Defendant CITY AND COUNTY OF HONOLULU and the HPD have a pervasive, widespread and long-standing *de facto* policy, practice, and custom of favoring its own officers by ignoring reported instances of domestic abuse, domestic violence and misconduct committed by them and of not enforcing the law and existing departmental orders and policies against those officers who commit such acts.

97.     Plaintiff alleges that this *de facto* policy was and continues to be so prevalent and pervasive that it rises to the level of official policy.

98.     Plaintiff alleges that this *de facto* policy violates the Equal Protection Clause of the Fourteenth Amendment because it irrationally and impermissibly discriminates against victims whose abusers are HPD officers from those whose abusers are not.

99.     Plaintiff alleges that this *de facto* policy violates the Substantive Due Process Clause of the Fourteenth Amendment because it permits, allows, encourages, and emboldens police officers to commit acts under color of law which violate a victim's constitutional right to bodily integrity.

100.    Defendant CITY AND COUNTY OF HONOLULU knew or should have known that it failed to adequately supervise, investigate, counsel, and discipline Defendant CACHOLA, and that the lack of adequate supervision, investigation, counseling, and discipline following Defendant CACHOLA's ongoing involvement in domestic violence, domestic abuse, misconduct and/or criminal wrongdoing was reasonably likely to cause injury and violations of constitutional rights.

16

101.    Plaintiff alleges that despite clear prohibitions against the commission of acts of domestic violence and domestic abuse by its own officers, including Defendant CACHOLA, and the clear mandates requiring immediate response, intervention, and investigation when such acts are committed contained in Policy Numbers 2.21, 3.26, and 4.18, inter alia, the Honolulu Police Department and Defendant CITY AND COUNTY OF HONOLULU failed to adequately supervise, counsel, investigate, discipline and/or retrain Defendants CACHOLA, BAILEY, TAFLINGER, other officers, and certain of the DOE DEFENDANTS when they neglected to obey and follow those standing policies, and instead, chose to adhere to and observe the *de facto* policy, practice, or custom.

102.    Plaintiff alleges that Defendant CITY AND COUNTY OF HONOLULU knew or should have known that said failure was reasonably likely to result in injury and violations of constitutional rights.

103.    Plaintiff alleges that this failure to supervise, counsel, investigate, discipline and/or retrain was caused by and the necessary consequence of Defendants' adherence and obedience to the *de facto* policy, practice, or custom.

104.    Plaintiff alleges that Defendant CITY AND COUNTY OF HONOLULU knew or should have known that, because of its adherence to and obedience of its *de facto* policy, practice, or custom, it encouraged and emboldened Defendants CACHOLA, BAILEY, and TAFLINGER, and certain of the DOE DEFENDANTS to act with reckless disregard and/or deliberate indifference to Plaintiff's constitutional rights.

105.    Plaintiff alleges that Defendant CITY AND COUNTY OF HONOLULU, by adhering to and obeying its *de facto* policy, practice, or custom of favoring its own officers by ignoring reported instances of domestic violence and misconduct committed by them and of not

17

enforcing the law and existing departmental orders and policies against those officers who commit such acts, itself acted with reckless disregard and/or deliberate indifference to Plaintiff's constitutional rights as well.

106.    Defendant CITY AND COUNTY OF HONOLULU breached its duty to promptly investigate, discipline, and/or arrest police officers, such as Defendant CACHOLA, who are known or suspected to be committing acts of domestic violence.

107.    As a direct and proximate result of the foregoing Plaintiff suffered pain, mental anguish, severe emotional distress, anxiety, embarrassment, humiliation, worry, and anger, and sustained substantial damages in amounts to be proven at trial.

## COUNT IV
### ASSAULT - Defendant CACHOLA

108.    Plaintiff repeats, realleges, and incorporates herein by reference, all of the allegations contained in paragraphs 1 through 77 of this Complaint, as though fully set forth herein.

109.    Defendant CACHOLA intended to and acted in a harmful and offensive manner when he applied force with his hands to Plaintiffs neck sufficient to cause visible injury.

110.    Defendant CACHOLA did in fact offend Plaintiffs reasonable sense of safety in her home.

111.    Defendant CACHOLA's conduct caused Plaintiff to believe that physical contact was imminent and fleeing would be the only way to avoid such contact.

112.    Defendant CACHOLA's conduct caused damages to Plaintiff in an amount to be proven at trial.

18

## COUNT V
## BATTERY - Defendant CACHOLA

113.    Plaintiff repeats, realleges, and incorporates herein by reference, all of the allegations contained in paragraphs 1 through 77 of this Complaint, as though fully set forth herein.

114.    Defendant CACHOLA intended to and did make harmful physical contact with Plaintiff by placing his hands on Plaintiff's neck and squeezing with enough force to leave visible injuries.

115.    Defendant CACHOLA's contact was against Plaintiff's will.

116.    As a direct result of Defendant CACHOLA's contact, Plaintiff suffered physical harm.

117.    Defendant CACHOLA's conduct caused damages to Plaintiff in an amount to be proven at trial.

## COUNT VI
## CIVIL CONSPIRACY - All Defendants

118.    Plaintiff repeats, realleges, and incorporates herein by reference, all of the allegations contained in paragraphs 1 through 77 of this Complaint, as though fully set forth herein.

119.    Given the conduct of the Defendants, each of the defendants conspired with one another to use unlawful means to assist Defendant CACHOLA in avoiding criminal prosecution.

120.    The other Defendants assisted Defendant CACHOLA with the intent to hinder prosecution or conviction of Defendant CACHOLA for his assault and/or battery of

19

Plaintiff. Defendants are liable for damages for collusion and conspiracy in an amount to be proven at the time of trial.

## COUNT VII
### NEGLIGENCE - All Defendants

121.   Plaintiff repeats, realleges, and incorporates herein by reference, all of the allegations contained in paragraphs 1 through 77 of this Complaint, as though fully set forth herein.

122.   Defendants owed Plaintiff a duty of using reasonable care to refrain from, through action or inaction, causing Plaintiff to suffer harm. Defendants also owed Plaintiff a duty to preserve the peace and enforce the laws of the State of Hawaii.

123.   Given the conduct of the Defendants, each of the Defendants breached their duty to Plaintiff by either making unwanted physical contact with Plaintiff, or failing to follow proper policies and procedures for investigating, reporting, and supporting prosecution of Defendant CACHOLA's criminal conduct against Plaintiff.

124.   As a direct and proximate result of Defendants' actions, Plaintiff suffered damages in an amount to be proven at trial.

## COUNT VIII
### GROSS NEGLIGENCE - All Defendants

125.   Plaintiff repeats, realleges, and incorporates herein by reference, all of the allegations contained in paragraphs 1 through 77 of this Complaint, as though fully set forth herein.

126.   Defendants owed Plaintiff a duty of reasonable care to refrain from, through action or inaction, causing Plaintiff to suffer harm. Defendants also owed Plaintiff a duty to preserve the peace and enforce the laws of the State of Hawaii.

127.   Defendants breached the above-mentioned duty intentionally, recklessly, or with gross negligence when Defendants made unwanted physical contact with Plaintiff, or failed to follow proper policies and procedures for investigating, reporting, and seeking prosecution of Defendant CACHOLA's criminal conduct.

128.   As a direct and proximate result of Defendants' actions, Plaintiff suffered damages in an amount to be proven at trial.

## COUNT IX
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS - All Defendants

129.   Plaintiff repeats, realleges, and incorporates herein by reference, all of the allegations contained in paragraphs 1 through 77 of this Complaint, as though fully set forth herein.

130.   Defendants engaged in the aforementioned negligent conduct.

131.   Defendants' negligent conduct caused Plaintiff to suffer serious emotional distress.

132.   As a direct and proximate result of Defendants' negligent acts and/or omissions, Plaintiff has incurred damages in an amount to be proven at trial.

## COUNT X
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - All Defendants

133.   Plaintiff repeats, realleges, and incorporates herein by reference, all of the allegations contained in paragraphs 1 through 77 of this Complaint, as though fully set forth herein.

134.   Defendants' negligence, actions and/or omissions were intentional.

135.   Defendants' negligence, actions and/or omissions were reckless.

136.   Defendants' negligence, actions and/or omissions were outrageous.

137.    Defendants' negligence, actions and/or omissions caused extreme and severe emotional distress to Plaintiff.

138.    As a direct and proximate result of Defendants' negligence, actions and/or omissions, Plaintiff has incurred damages in an amount to be proven at trial.

## COUNT XI
## RESPONDEAT SUPERIOR- Defendant CITY AND COUNTY OF HONOLULU

139.    Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 77 of the Complaint herein by reference.

140.    Defendant HPD authorized Defendants to act under the color of law as police officers.

141.    Defendant HPD authorized Defendants to respond and investigate Plaintiffs 9-1-1 call.

## PUNITIVE DAMAGES

142.    All Defendants acted willfully, wantonly, oppressively, and/or with such malice as implied a spirit of mischief or criminal indifference to civil obligations, and/or with willful misconduct and/or that entire want of care which would raise a presumption of a conscious indifference to the consequences of their conduct.

143.    Defendants are liable for punitive damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays for judgment in amounts in excess of the minimum jurisdictional requirements of this Court against the above-named defendants, as follows:

(a)    General damages in amounts which will be proven at trial;

(b)    Special damages in amounts which will be proven at trial;

(c)    Punitive damages in amounts which will be proven at trial;

(d)    Attorneys' fees and costs; and

(e)     Prejudgment interest from the date of the first unlawful act by any defendant

herein named, and such other and further relief as this Court deems just and proper.


DATED:        Honolulu, Hawaii _~June 24, 2019_


ERIC A. SEITZ
DELLA BELATTI
GINA SZETO-WONG
JONATHAN M.F. LOO
KEVIN YOLKEN

Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | | |
|---|---|---|
| KERRI KIANA GOUVEIA, | ) | CIVIL NO. 19-1-0649 JPC |
| | ) | |
| Plaintiff, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY AND COUNTY OF HONOLULU; | ) | |
| SUSAN BALLARD, in her official | ) | |
| capacity; DARREN CACHOLA, in his | ) | |
| individual and official capacity; KEVIN | ) | |
| BAILEY, in his official capacity; THOMAS | ) | |
| TAFLINGER, in his official capacity: | ) | |
| JOHN DOE ASSOCIATIONS 1-5; and | ) | |
| JOHN and/or JANE DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, by and through her attorneys, demands a jury trial of all issues triable of

right to a jury in the above captioned matter. This Demand for Jury Trial is made pursuant to

Rule 38 of the Hawaii Rules of Civil Procedure.

DATED:  Honolulu, Hawaii,  June 24, 2019.

ERIC A. SEITZ
DELLA A. BELATTI
GINA SZETO WONG
JONATHAN M.F. LOO
KEVIN YOLKEN

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | | |
|---|---|---|
| KERRI KIANA GOUVEIA, | ) | CIVIL NO. 19-1-0649 JPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SUMMONS** |
| vs. | ) | |
| | ) | |
| CITY AND COUNTY OF HONOLULU; | ) | |
| SUSAN BALLARD, in her official | ) | |
| capacity; DARREN CACHOLA, in his | ) | |
| individual and official capacity; KEVIN | ) | |
| BAILEY, in his official capacity; THOMAS | ) | |
| TAFLINGER, in his official capacity: | ) | |
| JOHN DOE ASSOCIATIONS 1-5; and | ) | |
| JOHN and/or JANE DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## SUMMONS

TO:   THE ABOVE-NAMED DEFENDANTS

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and

serve upon Plaintiffs' attorney, Eric A. Seitz, 820 Mililani Street, Suite 714, Honolulu, Hawaii,

96813, an answer to Plaintiff's First Amended Complaint which is herewith served upon you,

within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in Plaintiff's

First Amended Complaint.

Personal delivery of this Summons is prohibited between 10:00 p.m. and 6:00 a.m. on

premises not open to the general public unless a Judge of the Circuit Court permits, in writing on

this Summons, personal delivery during these hours.

25

A failure to obey this Summons may result in an entry of default and default judgment against the disobeying person or party.

DATED:        Honolulu, Hawaii,___**JUN 2 4 2019**_____.

_____
Clerk of the above-entitled Court